UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HALIL DEMIRTAS,                                                                      24-cv-04960

                Plaintiff,                                                              **COMPLAINT**

    -against-

846 GAS CORP. and SHMUEL YAKOBOWICZ a/k/a SAMUEL YAKOBOWICZ a/k/a SAMUEL JACOBY,

                Defendants.
------------------------------------------------------------X

       Plaintiff, HALIL DEMIRTAS ("Plaintiff"), as and for his Complaint against Defendants, 846 GAS CORP. ("846 Gas") and SHMUEL YAKOBOWICZ a/k/a SAMUEL YAKOBOWICZ a/k/a SAMUEL JACOBY ("Yakobowicz") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

       1.     Upon information and belief, 846 Gas owns and operates a Delta gas station in Farmingdale, New York that sells gasoline and other goods and services to the public.

       2.     Plaintiff worked for Defendants as a gas station attendant.

       3.     Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other relief related to his employment with Defendants.

## PARTIES

       4.     Plaintiff is an adult male currently residing in the State of Ohio.

       5.     Upon information and belief, 846 Gas is a domestic business corporation duly organized and existing under the laws of the State of New York.

6. Upon information and belief, Yakobowicz is an adult male currently residing in the State of New York.

## JURISDICTION AND VENUE

7. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

8. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

9. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

10. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

**Defendant 846 Gas Corp.**

11. Upon information and belief, 846 Gas maintains its principal place of business at 846 Main Street, Farmingdale, New York 11735.

12. Upon information and belief, 846 Gas owns and operates the Delta gas station located at 846 Main Street, Farmingdale, New York 11735.

13. At all times relevant to this Complaint, 846 Gas had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

14. At all times relevant to this Complaint, 846 Gas had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

15. At all times relevant to this Complaint, 846 Gas had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

16. 846 Gas maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

17. At all times relevant to this Complaint, 846 Gas was and is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, jointly employed Plaintiff.

**Defendant Shmuel Yakobowicz**

18. At all relevant times of Plaintiff's employment with Defendants, Yakobowicz was an individual engaged in business within this judicial district.

19. Yakobowicz was and continues to be an owner, officer, director, shareholder, and/or managing agent of 846 Gas.

20. At all relevant times, Yakobowicz participated in running the daily operations of 846 Gas.

21. At all relevant times, Yakobowicz participated in the management and supervision of Plaintiff and his work for 846 Gas.

22. At all relevant times, Yakobowicz exercised operational control over 846 Gas, controlled significant business functions of 846 Gas, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of 846 Gas in devising, directing,

implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

23. Yakobowicz participated in determining the wages and compensation of 846 Gas's employees, establishing the schedules of its employees, maintaining its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

24. Yakobowicz participated in the decision to hire Plaintiff.

25. Yakobowicz participated in deciding the job duties that Plaintiff performed.

26. Yakobowicz participated in directing Plaintiff's job duties and responsibilities.

27. Yakobowicz participated in the supervision of Plaintiff's job duties and responsibilities.

28. Yakobowicz participated in deciding the manner in which Plaintiff was paid.

29. Yakobowicz participated in deciding the compensation Plaintiff was paid.

30. Yakobowicz was responsible for ensuring Plaintiff was paid properly.

31. At all times relevant to this Complaint, Yakobowicz was an employer within the meaning of the FLSA and the NYLL and, at all relevant times, jointly employed Plaintiff along with the other Defendant.

**Defendants Constitute Joint Employers**

32. Upon information and belief, Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33. Defendants possessed substantial control over Plaintiff's working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff.

34. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

35. Defendants jointly employed Plaintiff and are Plaintiff's joint employers within the meaning of the FLSA and the NYLL.

**Plaintiff Halil Demirtas**

36. At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

37. Defendants employed Plaintiff as a gas station attendant for their benefit and at their direction.

38. Defendants employed Plaintiff from on or about October 16, 2023 until on or about July 1, 2024.[1]

39. Defendants did not require Plaintiff to punch in or out of his daily shifts.

40. Upon information and belief, Defendants did not keep and maintain accurate time records for the shifts Plaintiff worked throughout his employment.

41. From on or about October 16, 2023 until on or about April 13, 2024, Plaintiff worked six (6) days per week with Mondays off.

42. From on or about October 16, 2023 until on or about April 13, 2024, Plaintiff worked from 6:00 p.m. until 6:00 a.m., without uninterrupted breaks of at least thirty (30) minutes, each shift.

---

[1] Beginning with the pay period commencing on April 14, 2024 through the end of his employment, Defendants paid Plaintiff overtime compensation, presumably in response to three (3) other overtime lawsuits filed against them by other former employees. Therefore, Plaintiff does not allege overtime claims beyond April 13, 2024.

5

43. From on or about October 16, 2023 until on or about April 13, 2024, Plaintiff worked approximately seventy-two (72) hours each week.

44. Defendants paid Plaintiff an hourly rate of pay.

45. From on or about October 16, 2023 until on or about April 13, 2024, to avoid paying Plaintiff overtime compensation, Defendants paid Plaintiff for thirty-six (36) hours of work via a check from 846 Gas Corp. and another thirty-six (36) hours of work via a check from 365 Gas Corp., which owns and operates a gas station located in Commack, New York, even though Plaintiff never worked for 365 Gas Corp. or at its Commack, New York gas station.

46. From on or about October 16, 2023 until on or about April 13, 2024, Defendants paid Plaintiff "straight-time" for all hours worked each week.

47. From on or about October 16, 2023 until on or about April 13, 2024, Defendants did not pay Plaintiff an overtime premium for any of the hours he worked in excess of forty (40) per week at a rate of one-and-one-half times his regular rate of pay.

48. From on or about October 16, 2023 until on or about April 13, 2024, Defendants were aware of Plaintiff's work hours and pay rates but failed to pay him the proper wages to which he was entitled under the law.

49. Defendants did not provide Plaintiff with a complete and accurate wage notice when he was hired, or at any time thereafter, as required by NYLL § 195(1).

50. From on or about October 16, 2023 until on or about April 13, 2024, Defendants did not provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

51. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

52. Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

53. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

54. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

55. 846 Gas is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or engaged in the production of goods for commerce.

56. At all times relevant to this Complaint, 846 Gas had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff.

57. Upon information and belief, the gross annual volume of sales made or business done by 846 Gas in each applicable year was not less than $500,000.00.

58. 846 Gas was and is subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce.

59. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

60. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

61. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

62. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

63. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during their employment.

64. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

65. Defendants did not act in good faith with respect to the conduct alleged herein.

66. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY OVERTIME**

67. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

68. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

69. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

70. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

71. Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

72. Plaintiff is a victim of a uniform, unlawful, company-wide compensation policy that has deprived him of proper overtime compensation.

73. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

74. Defendants have not acted in good faith with respect to the conduct alleged herein.

75. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

76. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

77. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in

9

accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

78. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

79. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT IV**
**VIOLATION OF NEW YORK LABOR LAW**
**SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

80. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81. Defendants willfully failed to provide Plaintiff with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

82. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

83. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage notices and statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action;

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

     H.     Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York  
       July 17, 2024

The NHG Law Group, P.C.

_____  
By: Keith E. Williams, Esq.  
*Attorneys for the Plaintiff*  
4242 Merrick Road  
Massapequa, New York 11758  
Tel: 516.228.5100  
keith@nhglaw.com