

Counseling and Advising Clients Exclusively on Laws of the Workplace

**Zabell & Collotta, P.C.**
**EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW**

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel. 631-589-7242
Fax. 631-563-7475
www.Laborlawsny.com

**Anthony T. Masciana**
Email: AMasciana@laborlawsny.com

September 8, 2025

*VIA* **ELECTRONIC CASE FILING**

Honorable Judge Steven I. Locke
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> **Re:**     ***Demirtas v. 846 Gas Corp., et al.***
> **Case No.  2:24-cv-04960 (NRM) (SIL)**

Your Honor:

This firm represents Defendants in the above-referenced matter. We write in response to Plaintiff's letter motion to compel, filed on September 2, 2025 **[ECF Doc. No. 17]**. Preliminarily, we note that Plaintiff's letter motion exceeds the permissible maximum number of pages, in violation of Your Honor's Individual Rule No. 4(A)(i). Notwithstanding the foregoing, Plaintiff cannot meet his burden to demonstrate the requisite elements sufficient to grant his application. As such, Defendants respectfully request that this Court deny Plaintiff's motion in its entirety.

Plaintiff has the burden of demonstrating proper service in order to succeed on a motion to compel. While Defendants have provided verified responses to Plaintiff's subpoenas, their response contains Defendant Yakobowicz's sworn statement wherein he states that he was never personally served. The Federal Rules of Civil Procedure ("Fed. R. Civ. P.") set forth such requirements for proper service of subpoenas. Courts in the Second Circuit have held that "[s]ervice of an information subpoena may be made by **registered or certified mail, return receipt requested, or in the same manner as a summons.**" *Plaza Motors of Brooklyn, Inc. v. Rivera*, No. 19-CV-6336 (LDH), 2021 U.S. Dist. LEXIS 183469, at *4 (E.D.N.Y. Sep. 24, 2021) (*citing* N.Y. C.P.L.R. §§ 5224(a)(3), 2303) (emphasis added). "In order to succeed on a motion to compel compliance with a subpoena *duces tecum*, the moving party must demonstrate that the subpoena was **properly issued and served**, and that the information sought is relevant and material to the allegations and claims at issue in the proceedings, which "is analyzed under the familiar standard outlined by Rule 26(b)(1)." *United States v. Rowe*, 2025 U.S. Dist. LEXIS 54034, at *2 (E.D.N.Y. Mar. 24, 2025) (*citing Cuomo v. N.Y. State Assembly Judiciary Comm.*, 683 F. Supp. 3d 258, 267 (E.D.N.Y. 2023), *reconsid. denied sub nom.*, *Cuomo v. Office of the N.Y. State Att'y Gen.*, 727 F. Supp. 3d 231 (E.D.N.Y. 2024) (internal citations and quotation). In Plaintiff's motion, he states that both the information subpoenas and the subpoenas *duces tecum* were not



*Zabell & Collotta, P.C.*
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

September 8, 2025
Page 2 of 3

served personally served or served *via* certified or registered mail. Instead, Plaintiff admits that service was effectuated *via* First Class mail only. Notably, while Plaintiff's counsel served the subpoenas upon our office, Plaintiff failed to inquire as to whether our office would accept service on behalf of Defendants. While we timely served responses in order to preserve our objections, Defendant Yakobowicz's statement sets forth that he was never served personally and did not receive proper notice. Accordingly, Plaintiff cannot demonstrate proper service was effectuated for each subpoena.

In addition to the foregoing, Plaintiff stated that Defendants' responses consisted of "boilerplate objections to each of Plaintiff's requests". *See* P's Motion, at p. 4 **[ECF Doc. 17]**. Nothing could be further from the truth. Each of Plaintiff's requests seek information which is grossly overbroad, failing to describe, with specificity, each category of documents to be produced. "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document requests, the time period covered by it, the particularity with which the documents are described and the burden imposed. Courts look to whether the subpoena has specified the documents with reasonable particularity, that is, the requests cannot be vague or duplicative in nature." *Silver Sands Motel Inc. v. Long Island Capital Mgmt.*, No. 21-CV-01224 (GRB) (JMW), 2023 U.S. Dist. LEXIS 105243, at *11-12 (E.D.N.Y. June 15, 2023) (*citing United States v. In'l Bus. Mach. Corp.*, 83 F.R.D. 97, 107 (S.D.N.Y. 1979)) (internal citations and quotations omitted). By way of example, Plaintiff's Request No. 12 requests the following:

> *12. A schedule of all furniture, fixtures, furnishings, and equipment owned individually or jointly as of the date of this request.*

**[ECF Doc. No. 17-1]**. Plaintiff fails to include definitions for the terms used within this request rendering it impermissibly vague as to what constitutes "furniture, fixtures, furnishing, and equipment". Additionally, Plaintiff's request is not reasonably limited in scope as Plaintiff fails to provide a time frame within which Defendants may narrow their search.

Furthermore, Plaintiff's subpoenas also seeks responses and documents which cover large swathes of information. Each subpoena *duces tecum* served on Defendants contains no less than thirty (30) broad, sweeping requests for the production of "all" categories of documents mentioned within each request. Such requests are impermissible and grounds for this Court to quash Plaintiff's subpoenas in their entirety. *See Estate of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005) (*stating* ". . . the excessive number of documents requested, the unlikelihood of obtaining relevant information, and the existence of attorney-client privilege for all documents, confers standing on Orascom and impels me to quash, rather than modify, the subpoena under Fed. R. Civ. P. 45[c]"). Without limitation, each of these requests are voluminous and should be deemed impermissible and excessive and as such, Plaintiff's motion should be denied.

# Zabell & Collotta, P.C.
**EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW**

September 8, 2025
Page 3 of 3

    Based upon the foregoing, Defendants' objections, as set forth within their responses, are valid. Each on of Plaintiff's request for information and for documents are grossly overbroad, impermissibly vague, and unenforceable as written. Accordingly, we respectfully request that Plaintiff's motion be denied in its entirety. Counsel remains available should the Court require additional information regarding this submission.

Very truly yours,

**ZABELL & COLLOTTA, P.C.**

Anthony T. Masciana

cc:    Client
       All Counsel of Record (*via* Electronic Case Filing)