UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HALIL DEMIRTAS,

                              Plaintiff,            **ORDER**

       -against-                                    24-CV-4960(NRM)(SIL)

846 GAS CORP. and SHMUEL YAKOBOWICZ,
a/k/a SAMUEL YAKOBOWICZ, a/k/a SAMUEL
JACOBY,

                              Defendants.
------------------------------------------------------------------X

**STEVEN I. LOCKE, United States Magistrate Judge:**

On June 6, 2025, the Honorable Nina R. Morrisson adopted this Court's unopposed Report and Recommendation that a default judgment in the amount of $24,993.49 be entered against Defendants 846 Gas Corp. and Shmuel Yakobowicz (together, "Defendants"). The Clerk of the Court entered judgment against Defendants on June 9, 2025 (the "Judgment"). *See* Docket Entry ("DE") [16]. On September 2, 2025, Plaintiff Halil Demirtas ("Demirtas" or "Plaintiff") filed the instant unopposed motion seeking discovery to assist in enforcing the Judgment, DE [17], which Defendants oppose. DE [18]. Plaintiff seeks, *inter alia*, "information related to Defendants' assets to aid in the enforcement of the Court's Judgment." *Id.* In a January 20, 2026 Notice of Partial Satisfaction of Judgment, Plaintiff represented that Defendants have paid $9,094.99 of the Judgment, leaving

1

$19,647.51 unpaid.[1]    DE [19].    As the remainder of the Judgment remains outstanding, Plaintiff's motion for discovery is granted.

Rule 69 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that, "[i]n the aid of the judgment or execution, [a] judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  To this end, Fed. R. Civ. P. 69 "permits 'wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings.'"  *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011) (quoting *Gibbons v. Smith,* No. 01 Civ. 1224(LAP), 2010 WL 582354, at *3 (S.D.N.Y. Feb. 11, 2010)); *see Banco Central De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 Civ. 9649(JFK), 2006 WL 3456521, at *8 (S.D.N.Y. Nov. 30, 2006) ("Under Rule 69(a), a judgment creditor is entitled to a wide range of discovery concerning the assets and liabilities of a judgment debtor.").

Plaintiff seeks proportionate discovery to assist in enforcement of the default judgment entered against Defendants.  DE [17].  Accordingly, to the extent any portion of the Judgment remains outstanding as of the date of this Order, Plaintiff's motion is granted.  *Libaire*, 760 F. Supp. 2d at 293; *Banco Central De Paraguay*, 2006 WL 3456521, at *8.  The parties are instructed to file a further status report regarding the satisfaction of judgment or the need for further discovery by March 3, 2026.

---

[1] Although the total amount Plaintiff cites comes to $28,742.50, and not $24,993.49, this amount appears to account for the 15% penalty for untimely payments identified in the Judgment.  DE [16].

Dated: Central Islip, New York
      February 3, 2026

**SO ORDERED.**

  s/ Steven I. Locke

STEVEN I. LOCKE
United States Magistrate Judge